# Eric L. Cummings

## v.

# Virginia State Bar

Record No. 850338

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

---

* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

*Patrick M. McSweeney (David William Patton; McSweeney & Burtch*, on briefs), for appellant.
*Guy W. Horsley, Jr., Senior Assistant Attorney General (William G. Broaddus, Attorney General; Gregory E. Lucyk, Assistant Attorney General*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal presents a question concerning the latitude permitted under the Rules of Court, Part 6, § IV, Para. 13(F),** to an attorney, disbarred or suspended from practice in another jurisdic-

---

** "Whenever there shall be filed with the Executive Director evidence that an attorney admitted to practice in this State has been disbarred or suspended from practice in another jurisdiction and that such disciplinary action has become final, the Board shall forthwith enter an order suspending the license of the attorney and directing the attorney to show cause why the same discipline that was imposed in the other jurisdiction should not be imposed by the Board. The Board shall forthwith serve upon the attorney by certified mail, (a) a copy of such certificate, (b) a copy of such order, and (c) a notice fixing the time and place of a hearing to determine what action should be taken by the Board. The hearing shall be set not less than twenty-one nor more than thirty days after the date of the order. Within fourteen days of the date of mailing, the attorney shall file a written response, which shall be confined to allegations that:

(1) The record of the proceeding in the other jurisdiction would clearly show that such proceeding was so lacking in notice or opportunity to be heard as to constitute a denial of due process; or

tion, to show cause by the presentation of evidence why like discipline should not be imposed in Virginia.

Eric L. Cummings (Cummings) was an attorney licensed to practice law in the District of Columbia and in Virginia. In 1981, one of his clients complained of an ethical violation in the District of Columbia. Counsel for the Bar in that jurisdiction conducted an investigation over a three-year period which involved several judicial proceedings related to discovery issues, but no formal complaint or petition was ever filed by the Bar of the District of Columbia against Cummings. In 1984, Cummings filed an affidavit with the District of Columbia Court of Appeals, consenting to disbarment. The affidavit contained the following language:

4. That affiant is aware that there is presently pending an investigation of an allegation that affiant is guilty of misconduct in violation of Disciplinary Law 9-103(A) of the Code of Professional Responsibility in that, as attorney for Tranne Trading Corporation and B&G Corporation, trading as Goldberg's Deli, he distributed some of the assets belonging to the clients for his own use in apparent violation of Disciplinary Rule 9-103(A).

5. That affiant acknowledges that the material facts upon which the said allegation is predicated are true.

(2) The imposition by the Board of the same discipline upon the proof would result in a grave injustice; or

(3) The same conduct would not be granted [sic] for disciplinary action or for the same discipline in this State.

The attorney shall have the burden of producing the record upon which he relies to support allegations (1), (2), or (3) above, and he shall be limited at the hearing to reliance upon the allegations of his written response. Except to the extent the allegations of the attorney's written response are established, the findings in the other jurisdiction shall be conclusive of all matters for purposes of the proceeding before the Board.

If at the time fixed for hearing the attorney has not filed a written response or shall not appear or if the Board, after hearing, shall determine that the attorney has failed to establish the allegations of his written response, the Board shall impose the same discipline that was imposed in the other jurisdiction. If the Board shall determine that the attorney has established the allegations of his written response, it shall, in its discretion, dismiss the proceeding or impose a lesser discipline than was imposed in the other jurisdiction. A copy of any order imposing discipline shall be served upon the attorney by certified mail. Any such order shall be final and binding subject only to appeal as hereinafter provided." [This rule was slightly modified by amendments effective June 1, 1985.]

6. That affiant submits this Affidavit of Consent to Disbarment because if this allegation is prosecuted in this jurisdiction, he does not believe that in light of the proceedings to date he will be able to successfully defend against it and he does not any longer have the resources to defend against such allegation.

The District of Columbia Court of Appeals entered an order on August 27, 1984, disbarring Cummings "on consent" in that jurisdiction. The order further provided: "it is . . . ORDERED by the court *sua sponte* that paragraph 6 of the affidavit is stricken as superfluous and self-serving."

In November 1984, the Virginia State Bar Disciplinary Board (the Board) issued an order temporarily suspending Cummings' license to practice law in Virginia and directing him to show cause why his license should not be permanently revoked, pursuant to our Rule 13(F), because of the proceedings in the District of Columbia. Cummings filed an answer with the Board in which he denied that he had used his clients' funds without their knowledge and consent. His answer also asserted that "[a]ny discipline based upon the action of the District of Columbia Court of Appeals . . . would be unwarranted and would result in a grave injustice" and "[t]he same conduct would not be the basis for the same or any discipline in the Commonwealth of Virginia."

The Board conducted a hearing in February 1985 at which Cummings sought to introduce evidence in support of his answer. The Board ruled that Cummings' answer failed to allege any grounds which would authorize the Board to impose any discipline other than that imposed in the District of Columbia, and accordingly refused to hear any evidence in support of the answer. The Board permitted Cummings to make a proffer of the excluded evidence through affidavits and exhibits. Cummings appeals a final order of disbarment entered March 20, 1985.

Cummings argues that his consent to disbarment in the District of Columbia is not conclusive because it did not constitute an admission of an ethical violation there. Cummings points to language in his affidavit which concedes only an "apparent violation." He also contends that the Board erred in ruling that his answer was insufficient under the rules and in refusing to receive evidence to support its allegations.

The Board contends that Cummings' answer was purely conclusory, and could have been supported by no evidence other than the District of Columbia record which was already before the Board. Thus, says the Board, it could determine as a matter of law from the record before it that the imposition of the same discipline was warranted.

Neither principles of collateral estoppel nor the full faith and credit clause of the Federal Constitution govern a domestic proceeding based upon a foreign disbarment. *See Florida Bar* v. *Wilkes*, 179 So. 2d 193, 196 (Fla. 1965), *cert. denied*, 390 U.S. 983 (1968); *Kentucky Bar Association* v. *Signer*, 533 S.W.2d 534, 536 (Ky. 1976); *In re Weiner*, 530 S.W.2d 222, 224 (Mo. 1975). Rather, such proceedings in Virginia are governed by the rules of this Court, which are designed to protect the public and to maintain the integrity of the Bar. *See Blue* v. *Seventh District Committee*, 220 Va. 1056, 1061, 265 S.E.2d 753, 756 (1980). To that end, the rule quoted above requires the Board to impose the same discipline as that imposed by the foreign jurisdiction unless the respondent attorney alleges, and carries the burden of proving, at least one of the three specific defenses contemplated by the rule: (1) lack of due process in the foreign jurisdiction, (2) imposition of the same discipline *upon the same proof* would result in a grave injustice, and (3) the same conduct would not warrant the same, or any, discipline in Virginia.

This rule does not permit the respondent attorney to relitigate any issues of fact which were expressly or implicitly decided in the foreign jurisdiction. The Board, therefore, correctly held that the foreign adjudication on the merits was conclusive. The rule does, however, permit the respondent, under proper allegations, to show under the first defense that he lacked sufficient notice or opportunity to be heard in the foreign jurisdiction; to show under the second defense that extenuating circumstances exist which might mitigate the sanctions to be imposed in Virginia; and to show under the third defense that similar conduct would not be penalized in Virginia to the same extent. Each of these defenses may necessarily depend upon the introduction of evidence extrinsic to the record transmitted to the Board by the foreign jurisdiction.

In the case before us, Cummings relied on the second and third defenses. It was within the competence of the Board to determine for itself, as a matter of law, whether Virginia would im-

pose the same sanctions as had been imposed in the District of Columbia for like conduct. Accordingly, we find no error in the Board's refusal, under the conclusory allegations contained in Cummings' answer, to receive evidence in support of the third defense. Even though the second defense was raised in conclusory language, however, Cummings was entitled to present evidence extrinsic to the District of Columbia record which might have the effect of mitigating the sanctions to be imposed in Virginia by showing that under the existing circumstances a repetition of the same discipline "would result in a grave injustice." By leaving this avenue of defense open, the rules permit the Board to weigh the facts and circumstances of each case for itself, rather than requiring that it mechanistically apply the same discipline as the foreign jurisdiction had imposed.

Because the Board erred in refusing to receive evidence in support of Cummings' second defense, we will reverse the order of disbarment and remand the case to the Board for further proceedings consistent with this opinion.

*Reversed and remanded.*