# CIRCUIT COURT OF THE CITY OF NORFOLK

William Cooper

v.

Harrell & Harrell, Inc.,
t/a Be-Lo Markets

July 10, 1997

Case No. (Law) L96-4003

BY JUDGE MARC JACOBSON

William Cooper (Plaintiff) filed the instant action alleging common law negligence for personal injuries he received at the grocery store of Harrell & Harrell, Inc., t/a Be-Lo Markets (Defendant). The Plaintiff alleges that he slipped on a grape and fell, resulting in personal injuries. Defendant had subcontracted with the Plaintiff's employer for security services at the grocery store where the accident occurred, and Plaintiff was working for the security company so employed. The Defendant has filed a Demurrer to the Motion for Judgment filed by the Plaintiff, claiming that Plaintiff is a statutory employee of the grocery store and, therefore, his remedies are limited to those set forth in the Workers' Compensation Act, Va. Code Ann. § 65.2-100 *et seq.* (Michie 1992). The Plaintiff responds that he is not a statutory employee, because he was not engaged in the Defendant's trade, business, or occupation.

The issue in the instant case is whether a security guard employed by an independent contracting firm is a statutory employee of the store (in this case the Defendant's store) to which he is assigned.

Both parties agree that this case is governed by the precedent of *Johnson v. Jefferson Nat'l Bank*, 244 Va. 482, 422 S.E.2d 778 (1992). According to that case, an independent contractor is a statutory employee if he performs work that is part of the employer's trade, business, or occupation. *Id.* at 485, 422 S.E.2d at 780. Resolution of this issue depends upon the facts and circumstances of each particular case. *Id.*

In analyzing previous cases, it appears that the Plaintiff in the instant case was a statutory employee of the Defendant's grocery store. Performing security duties was part of the store's trade, business, or occupation because it is the kind of activity that is normally performed by store employees. *See Shell Oil Co. v. Leftwich*, 212 Va. 715, 187 S.E.2d 162 (1972) (selling gas to public held not to be the kind of activity normally performed by oil refining company that leased station to dealer).

Cases in which the Virginia Supreme Court have found independent contractors were not statutory employees are distinguishable. In *Johnson*, the Supreme Court held that independent contractors hired to paint a bank were not statutory employees of the bank. Although bank employees had painted parts of the bank on occasion, the employees did not paint to the extent that the independent contractors hired to paint the bank painted. In the case at bar, the grocery store security guard would be more analogous to a bank security guard than bank painters, and it is more reasonable to determine and conclude that a bank security guard is engaged in the trade, business, or occupation of the bank as opposed to one who is a bank painter. Similarly, a security guard at a grocery store is engaged in the occupation or business of running a store more so than, for example, painters, janitors, or the like.

The *Johnson* Court based its decision on the holding of *Bassett Furniture v. McReynolds*, 216 Va. 897, 224 S.E.2d 323 (1976), in which the Court had held that an independent contractor hired to install a conveyer system in the furniture manufacturer's plant was not a statutory employee. Contrast these cases with *Stewart v. Bass Constr. Co.*, 233 Va. 363, 288 S.E.2d 489 (1982), where the Court held that a construction company hired by a manufacturer was a statutory fellow employee of the manufacturer's mechanic. The manufacturer hired the construction company to use its crane to lift a piece of the manufacturer's machinery in need of repairs. The independent contractor operated the crane and the mechanic was injured while supervising both the manufacturer's and the construction company's employees. The Supreme Court held that the Workers' Compensation Act prohibited the mechanic from bringing a common law negligence action against the crane owner because the construction company was engaged in the business of the manufacturer, who regularly engaged a crane and operator to assist the manufacturer's employees in conducting this maintenance. In the instant case, the security guard is engaged in analogous work; he is working to assist the other grocery store employees in doing their jobs.

Two recent cases also provide a discussion of and a contrast of different employment relationships that bear upon the question of whether or not the

Plaintiff should be considered a statutory employee. In *Bowling v. Wellmore Coal Corp.*, No. 96-1339 (W.D. Va. May 23, 1997), a federal court interpreting Virginia law held that an independent contracting truck driver hired by a coal mining company to transport coal on the company premises was a statutory employee of the company and entered summary judgment for the company. In *Spitzer v. Fried Co.*, No. 0145-97-4, (Va. Ct. App. May 27, 1997) (*per curiam*), the Virginia Court of Appeals held in a *per curiam* opinion that the employee of a sign company was not the statutory employee of the property management corporation who owned the property on which the sign was being installed. The Court held that although the employee's work may have been useful or necessary to the corporation's business, because the corporation did not perform such work through its own employees, the employee's action was not part of the corporation's trade, business, or occupation.

The Plaintiff is engaged in the general operation of the Defendant by serving to make certain that the business is conducted without interference from possible criminal elements or other security concerns. In this regard, Plaintiff is assisting other employees of the Defendant in performing their jobs and duties. This would appear to be the type or kind of activity regularly engaged in by either a security guard that the Defendant store could have hired on its own, or was traditionally carried out by a manager or other supervisory employee that the Defendant employs.

Accordingly, the Court concludes and finds that the Plaintiff, a security guard employed by an independent contracting firm, is a statutory employee of the Defendant grocery store to which he was assigned and the common law claim of the Plaintiff is barred by the Virginia Workers' Compensation Act.

The Demurrer of the Defendant is sustained.