Present: All the Justices

ROBERT A. MAY, EXECUTOR OF THE ESTATE
 OF VIRGIL R. MAY, M.D., DECEASED

                                        OPINION BY
v.  Record No. 012560         JUSTICE LAWRENCE L. KOONTZ, JR.
                                   September 13, 2002
ANTHONY C. CARUSO, M.D., ET AL.


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Randall G. Johnson, Judge


     In this appeal, we consider whether the trial court erred in excluding certain evidence proffered by the plaintiff in a medical malpractice action.  The trial court ruled that the plaintiff had not satisfied the requirements of the hearsay exception for statements published in authoritative treatises and articles contained in Code § 8.01-401.1 and, thus, prohibited the introduction into evidence of statements contained in certain published medical literature relied upon by the plaintiff's expert witness.  The trial court also excluded certain medical treatment records proffered by the plaintiff, ruling that this evidence was cumulative of prior testimony. Following a jury verdict for the defendant, plaintiff appealed, assigning error to these two actions of the trial court.  We will address each issue seriatim, stating within our discussion the relevant facts.

     On September 29, 2000, Robert A. May, executor of the estate of Virgil R. May, M.D., filed a motion for judgment

alleging that Dr. May's death was the result of medical malpractice. Anthony C. Caruso, M.D. and his incorporated medical group, Cardiovascular Associates of Virginia, P.C., (collectively "Dr. Caruso") were named as defendants to the action. For purposes of our analysis of the issues presented in this appeal, the principal allegation of the motion for judgment was that Dr. May suffered a severe stroke and ultimately died as a result of Dr. Caruso's breach of the standard of care by failing to provide anticoagulant therapy to Dr. May as part of his course of treatment related to the implantation of a temporary pacemaker.

Prior to trial, the executor provided Dr. Caruso with copies of nine medical journal articles and three abstracts of medical articles totaling fifty-one pages of text that the executor had identified in his designation of medical literature relied upon by his expert witness, Dr. Albert Waldo. Dr. Caruso filed a motion in limine to exclude the introduction of any statements contained in this literature. In that motion, he asserted that the executor had failed to identify, as required by Code § 8.01-401.1, the specific statements Dr. Waldo had relied upon to reach his expert opinion that Dr. Caruso had breached the applicable standard of care. The executor contended, and continues to contend on appeal, that the requirements of Code § 8.01-401.1 are satisfied by providing

2

copies of the published literature containing the statements relied upon by an expert witness, and that identification of discrete, specific statements is not required. The trial court disagreed with the executor and sustained the motion in limine.

The executor's first two assignments of error address the trial court's interpretation and application of Code § 8.01-401.1. In previously construing Code § 8.01-401.1, we held that although this statute authorizes the admission into evidence of an expert's opinion that may be based in whole or in part on inadmissible hearsay, it did not authorize the admission of any hearsay opinion on which the expert's opinion was based. McMunn v. Tatum, 237 Va. 558, 566, 379 S.E.2d 908, 912 (1989); accord Todd v. Williams, 242 Va. 178, 181, 409 S.E.2d 450, 452 (1991). In 1994, the General Assembly amended Code § 8.01-401.1. In relevant part, this amendment to Code § 8.01-401.1 provides:

> To the extent . . . relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals or pamphlets on a subject of history, medicine or other science or art, established as a reliable authority by testimony or by stipulation shall not be excluded as hearsay. If admitted, the statements may be read into evidence but may not be received as exhibits. If the statements are to be introduced through an expert witness upon direct examination, copies of the statements shall be provided to opposing parties thirty days prior to trial unless otherwise ordered by the court.

In Weinberg v. Given, 252 Va. 221, 225, 476 S.E.2d 502, 504 (1996), we held that the 1994 amendment to Code § 8.01-401.1 "is

3

clear and unambiguous."  We further held that this amendment made a substantive change in Code § 8.01-401.1 to permit, in certain limited circumstances, the hearsay content of certain statements contained in published and authoritative literature to be read into the record as substantive evidence, provided no other evidentiary rule prohibits such admission.  Id. at 226, 476 S.E.2d at 504.  In Weinberg, however, we were not called upon to address any distinction the amendment makes between the admissible statements and the "treatises, periodicals or pamphlets" in which the statements are contained.  The present appeal requires that we do so.

Pertinent to the procedural context in which the issue arose in this case, the clear and unambiguous language of the statute limits the hearsay exception applicable to statements to be introduced through an expert on direct examination to those instances in which "copies of the statements" are provided to opposing parties thirty days prior to trial or as ordered by the trial court.  Unquestionably, the statements the executor intended to have Dr. Waldo read into the record were contained within the copies of the complete medical articles and abstracts provided to Dr. Caruso by the executor.  As such, the provision of these copies technically complied with the requirements of Code § 8.01-401.1.

4

The statute is equally clear, however, that mere technical compliance with its requirements does not mandate admission of the statements into evidence by the trial court.  The statute expressly refers to statements contained in the published literature rather than the content of that literature in its entirety.  Moreover, the statute expressly provides that such statements "[i]f admitted . . . may be read into evidence but may not be received as exhibits."  (Emphasis added).  The General Assembly's use of this conditional language clearly indicates its intent that the decision whether to admit such evidence is committed to the sound discretion of the trial court.  Such discretion is particularly appropriate in light of the apparent purpose of limiting the hearsay exception to ensure notice to the opposing party and thereby safeguard the opposing party's right to meaningful cross-examination of the expert witness.  See McMunn, 237 Va. at 566, 379 S.E.2d at 912.

A trial court's exercise of its discretion in determining whether to admit or exclude evidence will not be overturned on appeal absent evidence that the trial court abused that discretion.  John v. Im, 263 Va. 315, 320, 559 S.E.2d 694, 696 (2002).  Here, we cannot say that the trial court abused its discretion in determining that the executor failed to adequately identify the statements he would seek to introduce into evidence through Dr. Waldo's testimony.  Accordingly, we hold that the

5

trial court did not err in prohibiting the introduction of any of the statements contained in the literature provided by the executor to Dr. Caruso.

During trial, the executor proffered as an exhibit over 300 pages of medical records detailing Dr. May's treatment and test results. The trial court refused to admit the exhibit into evidence, ruling that it was cumulative of prior testimony. On appeal, the executor contends in his third assignment of error that the trial court abused its discretion in refusing to admit this exhibit because "[i]t was vital for the jury to have this . . . exhibit to assess Dr. Caruso's credibility." We disagree.

Assuming, without deciding, that the entire content of the exhibit was relevant to some contested issue before the jury, the exclusion by the trial court of relevant evidence does not constitute reversible error if that evidence is merely cumulative. Pace v. Richmond, 231 Va. 216, 227, 343 S.E.2d 59, 65 (1986); Eason v. Eason, 203 Va. 246, 254, 123 S.E.2d 361, 367 (1962). "It is well settled in this jurisdiction that the exclusion of evidence favorable to a party in a civil action on the ground that it is repetitious and cumulative is a matter within the sound discretion of the trial court and that its ruling is entitled on review to a presumption of correctness." Harrison v. Commonwealth, 244 Va. 576, 585, 423 S.E.2d 160, 165

(1992); accord Philip Morris Incorporated v. Emerson, 235 Va. 380, 410, 368 S.E.2d 268, 284 (1988).

Applying that standard, we cannot say that the trial court abused its discretion in excluding the medical record evidence proffered by the executor. In light of the testimony of Dr. May's initial treating physician, Dr. Alston Blount, and the executor's other witnesses, the medical records would not have substantially assisted the jury in weighing the credibility of Dr. Caruso or otherwise to resolve any disputed issue of fact. Moreover, the sheer volume of the exhibit potentially could have overwhelmed and confused the jury. Accordingly, we hold that the trial court did not err in refusing to admit the medical records into evidence as an exhibit.

For these reasons, we will affirm the judgment of the trial court.

Affirmed.