*375 JUSTICE KINSER, with whom JUSTICE LACY and JUSTICE AGEE join,
concurring in part and dissenting in part.
I agree with the majority opinion except with regard to its disposition of the question whether the trial court’s exclusion of the evidence of the plaintiff’s medical bills was harmless error. Considering the form of the evidence and the limited purpose for which it was offered, I conclude that the evidence in question was merely cumulative in nature and its exclusion could not have affected the verdict. See May v. Caruso, 264 Va. 358, 363, 568 S.E.2d 690, 693 (2002).
It is important to emphasize that the plaintiff assigns error to the trial court’s refusal to allow her to present to the jury the total amount of her medical bills. In other words, she is not asserting on appeal that she should have been allowed to introduce the actual bills for the purpose of proving pain and suffering.* This distinction is important because a single figure representing the total amount of an individual’s medical bills does not demonstrate the number of times the person received treatment or the nature of the treatment. In some instances, one noninvasive diagnostic test can cost as much as many visits to a physical therapist or chiropractor.
As the majority notes, the plaintiff’s treating physician, Linda Schneider, M.D., testified about her findings when she first examined the plaintiff on September 26, 1994. Dr. Schneider also stated that she referred the plaintiff for physical therapy treatments in order to speed up the recovery and later for a chiropractic evaluation because the plaintiff continued to experience significant symptoms. Dr. Schneider, however, still treated the plaintiff while she underwent the physical therapy and did so until April 1995. Based on a stipulation by the parties that the plaintiff missed 17 out of 41 scheduled physical therapy appointments, it is apparent that she underwent at least 24 treatments by a physical therapist.
Considering this testimony along with the plaintiff’s complaints about her continued pain and inability to perform her duties at work and at home, I conclude that evidence showing the total amount of the plaintiff’s medical bills would not have corroborated the plaintiff’s subjective complaints of pain or Dr. Schneider’s testimony. This is so because that dollar and cents figure did not reveal the kind or duration of treatment the plaintiff received. For example, if the total amount of the medical bills was comprised primarily of the charges *376 incurred when she was examined in a hospital emergency room and underwent x-rays on the day of the accident, then that figure would not have corroborated the plaintiff’s testimony that she suffered pain for many months. However, if the figure represented many visits to Dr. Schneider, the physical therapist, and the chiropractor, and also included charges for pain medications, then the total amount of the medical bills would have been objective corroboration of the plaintiff’s complaints of pain, suffering, and inconvenience.
Without any itemization and explanation of the individual charges included in the total amount of the plaintiff’s medical bills, I conclude that the numerical figure which the plaintiff sought to introduce would not have assisted the jury in resolving any disputed issue in this case. See May, 264 Va. at 363, 568 S.E.2d at 693. Its exclusion by the trial court could not have possibly affected the jury’s verdict and was therefore harmless error. For that reason, I respectfully concur in part and dissent in part and would affirm the judgment of the circuit court.

 At trial, the plaintiff moved the circuit court to allow her to submit her medical bills in “summary form” and to tell the jury the total amount of the bills.