Present:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and
          Agee, JJ., and Carrico S.J.

WALTER FRANKLIN GREEN, IV

v.  Record No. 060558  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    November 3, 2006
VIRGINIA STATE BAR

      FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD


      This case is an appeal of right by an attorney from a

ruling of the Virginia State Bar Disciplinary Board

(Disciplinary Board).  Because we conclude that the

Disciplinary Board abused its discretion in refusing to

admit certain evidence in mitigation of a sanction, we will

reverse the Disciplinary Board's order imposing a 60-day

suspension of the attorney's license to practice law in the

Commonwealth of Virginia.

                RELEVANT PROCEEDINGS AND FACTS

      In an order dated September 16, 2005, this Court

affirmed the Disciplinary Board's order finding that Walter

Franklin Green, IV, had violated Rules 8.4(b) and 1.3(a) of

the Virginia Rules of Professional Conduct (the

Disciplinary Rules).  Green v. Virginia State Bar, Record

No. 050289 (September 16, 2005).  This Court, however,

concluded that the evidence did not support the

Disciplinary Board's additional finding that Green's

"pattern" of failing to appear in court violated Disciplinary Rule 1.3(a). Id. Accordingly, we vacated the sanction suspending Green's license to practice law in this Commonwealth for 60 days and remanded the case to the Disciplinary Board for reconsideration of an appropriate sanction. Id.

On remand, the Disciplinary Board advised Green that it would convene a hearing via telephonic conference call to reconsider what sanction to impose for his violations of the Disciplinary Rules. In a pleading filed with the Disciplinary Board, Green objected to the telephonic conference call and asserted that it was "a procedurally inadequate substitute for a hearing" and was not "a suitable forum for the reception of evidence." At the beginning of the hearing, Green again objected to the hearing being conducted via telephonic conference call. Green claimed that he wished to introduce documents and witness testimony from his office staff to substantiate the adverse economic impact on his legal practice caused by an allegedly untimely press release by the Virginia State Bar (Bar) on November 22, 2004. In that press release, the Bar announced that on November 19, 2004, the Disciplinary Board had suspended Green's license to practice law in the Commonwealth of Virginia for a period of 60 days. The

2

press release further stated the Disciplinary Board had concluded that Green "failed to act diligently and committed a wrongful act reflecting adversely on his fitness to practice law during his representation of two brothers in a narcotics case."[1]  The Disciplinary Board overruled Green's objection and proceeded with the hearing telephonically.

Prior to and at the hearing, Green submitted various documents that he wished to introduce in mitigation of a sanction pursuant to the Rules of this Court, Part 6, § IV, Para. 13(I)(2)(f)(2).[2]  The documents included the Disciplinary Board's 2004 press release and two newspaper articles, both of which discussed the suspension of his license to practice law.  One of the articles appeared in the November 24, 2004 edition of a newspaper circulated in the area where Green resides, and the other article was from the Virginia Lawyer Register.

---

[1]  The Disciplinary Board's press release preceded issuance of its order of suspension dated December 21, 2004 and its summary order dated January 7, 2005.

[2]  Paragraph 13(I)(2)(f)(2) provides, "If the [Disciplinary] Board concludes that there has been presented clear and convincing evidence that the Respondent has engaged in Misconduct, after considering evidence and arguments in aggravation and mitigation, the [Disciplinary] Board shall impose one of the following sanctions . . . ." (Emphasis added.)

In an order dated January 3, 2006, the chairman of the Disciplinary Board panel hearing Green's case ruled that certain documents Green submitted prior to the hearing were irrelevant and inadmissible. Those documents included the Disciplinary Board's 2004 press release. That order, however, allowed Green to present evidence and argument relevant to the imposition of an appropriate sanction. At the beginning of the telephonic hearing held on January 10, 2006, the Disciplinary Board overruled the January 3, 2006 order in part and ruled it would hear only argument with regard to an appropriate sanction.[3] The Disciplinary Board decided to base its reconsideration of the sanction solely on the record from the prior disciplinary proceedings held on November 19, 2004 and the order of this Court remanding the case to the Disciplinary Board. After deciding it would hear only argument, the Disciplinary Board, on the other hand, ruled neither Green's documents nor the testimony he wanted to offer were admissible.

---

[3] Pursuant to the Rules of this Court, Part 6, § IV, Para. 13(B)(5)(b)(5), "[t]he [Disciplinary] Board shall have [the power] to act through its Chair or one of the Vice Chairs (an officer) on any non-dispositive pre-hearing matters . . . where all parties are in agreement, subject to the following qualification and exception: (1) any pre-hearing ruling on a non-dispositive matter made by an officer of the Board shall be subject to being overruled by a majority vote of the Panel which actually hears the matter."

Upon hearing argument of counsel for the Bar and argument of Green, in proper person, the Disciplinary Board concluded that "the seriousness of the two charges of misconduct affirmed by the . . . Court" and Green's "extensive disciplinary record" merited the previously imposed sanction, a 60-day suspension of Green's license to practice law in the Commonwealth of Virginia.  Green appeals from the Disciplinary Board's order of suspension dated January 24, 2006.

ANALYSIS

On appeal, Green first challenges the Disciplinary Board's refusal to admit evidence he proffered regarding the Bar's November 2004 press release and the devastating impact it had on his law practice and family.  Green claims that the publicity "ruined his law practice and reputation" and was tantamount to a "defacto" suspension.  He asserts this evidence was in mitigation of a sanction and that he had a right to present it pursuant to the Rules of this Court, Part 6, § IV, Para. 13(I)(2)(f)(2).

In response, the Bar contends that it afforded Green an opportunity to present relevant evidence and argument in mitigation of a sanction, but that he failed to do so.  The Bar argues Green's evidence was irrelevant and that the

5

Disciplinary Board therefore did not abuse its discretion in making its evidentiary rulings.

Like a trial court, the Disciplinary Board's decision to admit or exclude evidence is a discretionary matter and will not be overturned on appeal unless the record shows an abuse of that discretion.  See Rose v. Jaques, 268 Va. 137, 154, 597 S.E.2d 64, 74 (2004); May v. Caruso, 264 Va. 358, 362, 568 S.E.2d 690, 692 (2002).  In this instance, we conclude that the Disciplinary Board did abuse its discretion.  Green's proffered evidence regarding the adverse impact on his law practice and reputation resulting from the public dissemination of the Disciplinary Board's findings that he had violated the Disciplinary Rules and its suspension of his license to practice law was relevant to the question whether the Disciplinary Board should lessen the severity of the sanction to be imposed for Green's professional misconduct.  While the Disciplinary Board would determine what weight, if any, to give to such evidence, it was nevertheless relevant evidence in mitigation of a sanction, and therefore, admissible. "'Evidence is relevant if it tends to prove or disprove, or is pertinent to, matters in issue.'"  Velocity Express Mid-Atlantic v. Hugen, 266 Va. 188, 205, 585 S.E.2d 557, 566

6

(2003) (quoting Clay v. Commonwealth, 262 Va. 253, 257, 546 S.E.2d 728, 730 (2001)).

In Cummings v. Virginia State Bar, 233 Va. 363, 355 S.E.2d 588 (1987), this Court addressed a similar issue regarding the admissibility of mitigating evidence. Eric L. Cummings was disbarred from practicing law in the District of Columbia. Id. at 366, 355 S.E.2d at 590. The Disciplinary Board then issued an order directing Cummings to show cause why his license to practice law in the Commonwealth should not be permanently revoked in light of the proceedings in the District of Columbia. Id. Cummings filed an answer to the show cause order and sought to introduce evidence in support of his answer at a hearing before the Disciplinary Board. Id. The Disciplinary Board ruled that Cummings had failed to allege any grounds that would authorize the Disciplinary Board to impose a sanction other than that imposed in the District of Columbia and accordingly refused to hear any evidence in support of Cummings' answer. Id.

On appeal, we agreed that Cummings could not relitigate any issues of fact decided in the District of Columbia. Id. at 367, 355 S.E.2d at 591. This Court, however, concluded Cummings was entitled to present evidence "which might have the effect of mitigating the

7

sanctions to be imposed in Virginia by showing that under the existing circumstances a repetition of the same discipline would result in a grave injustice." Id. (internal quotation marks omitted). Likewise, Green was entitled to present evidence tending to mitigate the sanction to be imposed by showing to what extent he had already suffered adverse consequences because of the public dissemination of the Disciplinary Board's findings that he had violated the Disciplinary Rules and the suspension of his license to practice law.[4] See El-Amin v. Virginia State Bar, 257 Va. 608, 619, 514 S.E.2d 163, 169 (1999) (mitigating evidence included fact of wife's and daughter's illnesses, revision of office procedures, and partial refund of client's retainer).

Green also assigns error to the Disciplinary Board's decision to conduct the January 10, 2006 hearing by telephonic conference call. Green argues, as he did before the Disciplinary Board, that such a hearing impeded his ability to present evidence effectively and had a chilling effect on his right to be heard on the issue of an appropriate sanction. The Bar counters that the Rules of

---

[4] To the extent that the Disciplinary Board overruled the January 3, 2006 order and decided to hear only argument relevant to the imposition of an appropriate sanction, such a ruling violated the provisions of the Rules of this Court, Part 6, § IV, Para. 13(I)(2)(f)(2).

8

the Supreme Court of Virginia do not prohibit the use of a telephonic hearing to determine an appropriate sanction and that Green was afforded a full opportunity to present relevant evidence and argument in mitigation of a sanction.

It is correct that the Rules of this Court, Part 6, § IV, Para. 13, do not specifically require the Disciplinary Board to conduct the hearing at issue in person as opposed to using a telephonic conference call. Green made his objection to the telephonic conference call known to the Disciplinary Board both in a written pleading and orally at the beginning of the hearing. The record also shows that Green, while participating in the telephonic hearing from his office in Harrisonburg, asserted that he wished to have his office staff testify as to the "economic impact of the press release, and, in fact, call witnesses to testify what the press release has done to [his] practice." Based on that limited proffer, the Disciplinary Board determined the testimony was irrelevant. Green, however, never stated exactly whom he wished to call as witnesses, where those persons were at that time, i.e., in his office or elsewhere, or about what they would testify other than the "economic impact of the press release." Thus, given the record in this case, we cannot determine whether Green was prejudiced by the Disciplinary Board's decision to overrule

9

his objection to the telephonic conference call and are therefore constrained to conclude the Disciplinary Board did not err in its ruling.

CONCLUSION

For these reasons, we will reverse the Disciplinary Board's order of January 24, 2006, vacate the sanction imposed, and remand this case for further proceedings consistent with this opinion to determine an appropriate sanction.[5]

<u>Reversed, vacated, and remanded</u>.

---

[5] In light of our decision, it is not necessary to address Green's other assignments of error.

10