COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


VALERIE A. JONES
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2142-08-1                  JUDGE ROBERT P. FRANK
                                                    APRIL 21, 2009
DONN DAVID OSTROTH


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            A. Bonwill Shockley, Judge

            Dale V. Berning for appellant.

            L. Steven Emmert (Barry Kantor; Sykes, Bourdon, Ahern & Levy,
            P.C.; Christie, Kantor, Griffin & Smith, on brief), for appellee.


       Valerie A. Jones, wife, appeals the trial court's entry of judgment in favor of Donn David

Ostroth, husband, in post-divorce litigation concerning a promissory note.  Husband originally made

the note in favor of Dorothy H. Jones, wife's mother.  On appeal, wife contends the trial court erred

in finding wife did not carry her burden of proof to establish husband was in default on the

promissory note.  Husband, in a cross-appeal, maintains the trial court erred in not admitting four

documents purportedly signed by Dorothy H. Jones, forgiving the debt created by the promissory

note.  For the reasons that follow, we affirm the trial court.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the evidence in the light most favorable to husband, the party prevailing below. Surles v. Mayer, 48 Va. App. 146, 156, 628 S.E.2d 563, 567 (2006) (citing Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004)).[1]

So viewed, on September 1, 1997, husband executed a promissory note in the amount of $32,450 payable to Dorothy H. Jones in consecutive annual installments of $10,000 on the first day of March each year, beginning March 1, 1998. A final payment of $2,450 was due March 1, 2001.

On April 30, 2008, wife filed a "Motion for Child Support Enforcement and Fiduciary Accounting of College Trust Funds," which alleged, *inter alia* the promissory note had been assigned to her by her mother, Dorothy H. Jones, and prayed, *inter alia*, that judgment be entered in her favor against husband for $32,450 plus interest and attorney's fees. Wife also filed a Notice of Pendente Lite Hearing which, *inter alia*, asked for judgment in accordance with previously filed motions.

In addition, wife filed a Motion for Summary Judgment on July 2, 2008. The motion contended husband had admitted to executing the promissory note and in response to her subpoena *duces tecum* produced no evidence of payments on the note other than four "check register" entries showing four payments of $155 each for a total of $620.

In response to the Motion for Summary Judgment, husband stated that Dorothy H. Jones had forgiven the obligation under the note by four letters dated February 21, 1998, February 27, 1999, February 29, 2000, and May 4, 2001.

The trial court conducted a hearing on July 23, 2008 on wife's notice of pendente lite hearing, motion for child support, and motion for summary judgment. Wife identified the

---

[1] A written statement of proceedings was filed in lieu of a transcript, pursuant to Rule 5A:8(C). Husband filed objections to wife's proposed statement. The trial court accepted husband's objections and such objections were made part of the written statement.

promissory note and the assignment dated April 21, 2008 in which her mother, Dorothy H. Jones, assigned the promissory note to wife. Wife also testified the note was in default and that no payments were ever made on the note.

Husband testified he made three payments on the note in 1997. He also testified that he had received four letters from Dorothy H. Jones, forgiving the indebtedness under the note. Wife objected to the admission of the four letters and to husband's testimony regarding those letters.

In reference to the admissibility of the assignment and the "letters of forgiveness," the written statement recites:

> A discussion followed between the Court and counsel as to whether the letters of forgiveness should be admitted. The Court's position being that neither the letters of forgiveness nor the original assignment of the Note to the plaintiff could be cross examined and that neither party had called the mother to testify about the documents. Counsel for defendant stated the letters of forgiveness and the assignment should be treated the same and if one was to be excluded all should be excluded. The Court's response was that what was good for the goose should be good for the gander and ultimately accepted both the assignment of the Note and letters of forgiveness as proffered.[2]

By order entered August 8, 2008, the trial court ruled on the notice of pendente lite hearing, motion for child support enforcement, and motion for summary judgment. The order found in favor of husband, concluding, "There being insufficient proof or evidence that any money is owed on the Promissory Note payable to Dorothy Jones dated September 1, 1997 in the face amount of $32,450, judgment is granted for the [husband]."

This appeal follows.

---

[2] This language was part of Defendant's Objections to Plaintiff's Statement of Proceedings, which the trial court accepted.

ANALYSIS

Wife raises a number of issues on appeal:  first, that the trial court did not comply with Rule 5A:8 when it accepted husband's objections to wife's written statement; second, that the trial court erred in not awarding wife summary judgment since there are no disputed facts[3]; and third, that even if summary judgment was not proper, the trial court did not afford wife a hearing on the merits of her claim.[4]

Rule 5A:20(c) requires us to hold that these issues are waived, because they are not part of appellant's questions presented.  See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented, the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented).  The only issue raised in wife's questions presented is whether the trial court erred in concluding wife did not satisfy her burden of proof to establish husband was in default, a sufficiency argument.

Thus, the only issue before this Court is whether wife met her burden to prove husband was in default on a promissory note.

Husband responds that the trial court never ruled that husband was not in default.  However, we interpret wife's question presented as a challenge to the sufficiency of the evidence.

> In reviewing a challenge to the sufficiency of the evidence, we will "'affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'" Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 610

---

[3] Rule 3:20 states in part, "Summary judgment shall not be entered if any material fact is genuinely in dispute."

[4] Wife characterized the September 23, 2008 hearing as only a hearing on her motion for summary judgment.  The record belies this contention since the order clearly indicated the hearing was to determine all of wife's notices and motions.

(1981) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). "Additionally, when a defendant challenges the sufficiency of the evidence, 'if there is evidence to sustain the verdict, this Court should not overrule it and substitute its own judgment, even if its opinion might differ from that of the jury.'" Dowden v. Commonwealth, 260 Va. 459, 467, 536 S.E.2d 437, 441 (2000) (quoting George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991)).

Williams v. Commonwealth, 52 Va. App. 194, 200, 662 S.E.2d 627, 630 (2008).

Thus, our review is to determine whether there is evidence to support the trial court's judgment in favor of husband. We find it does.

Wife's claim against husband was premised on an assignment from Dorothy H. Jones to wife, dated April 21, 2008, in which Jones assigned "all of her right, title, interest and ownership" in the subject promissory note. See generally Code § 8.3A-301; Code § 8.3A-203(a) and (b).[5]

The record is not clear as to whether the trial court ultimately received the assignment into evidence. According to a document styled "Trial Exhibits of Valerie A. Jones," the trial court did admit into evidence a number of documents/exhibits, including the assignment. However, the written statement calls into question whether the trial court abandoned this ruling and accepted the assignment only as "proffered." Proffered evidence is "[e]vidence that is offered to the court to obtain a ruling on its admissibility." Black's Law Dictionary 598-99 (8th ed. 2004).

Husband does not contend the letters were admitted into evidence. Indeed, he assigns cross-error to the trial court's failure to admit those letters. Wife agrees that the letters were not in evidence.

---

[5] Code § 8.3A-301 states in part: "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder . . . ." Code § 8.3A-203(a) states: "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Code § 8.3A-203(b) states: "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course . . . ."

From the written statement, it is clear that the trial court afforded the assignment and letters the same treatment. The statement referring to the admissibility of those documents indicated that husband's counsel argued the assignment and letters should be treated the same and if one was to be excluded all should be excluded. The trial court responded "that what was good for the goose should be good for the gander."[6]

Thus, we conclude neither the assignment nor the letters were admitted into evidence. Despite the letters not being admitted, husband did testify that Dorothy H. Jones had forgiven the promissory note indebtedness.

The above notwithstanding, the evidentiary status of the assignment and the letters is not relevant to our analysis. If these documents were before the court as evidence, the trial court could properly conclude that Dorothy H. Jones had forgiven the debt and therefore find that no money was owed on the promissory note.

If, on the other hand, these documents were not accepted as evidence, the trial court could still properly conclude the wife had no legal right to obtain judgment on a promissory note she had no interest in, i.e. no assignment was before the court. The trial court could also properly conclude the debt had been forgiven, based on husband's testimony.

The trial court's ruling was either premised on the debt being forgiven by Dorothy H. Jones or that wife, not being the note holder, or assignee, had no legal basis to obtain judgment on the note. In any event, there was evidence to support the trial court's entry of judgment for husband. The judgment is not plainly wrong or without evidence to support it.

Husband alleges cross-error that the trial court erred in not admitting the "letters of forgiveness" into evidence. Assuming, without deciding, that the trial court erred, we find the error harmless.

---

[6] Wife does not assign error to the trial court's evidentiary ruling on these documents.

In determining whether an error is harmless, we review "the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues." Lavinder v. Commonwealth, 12 Va. App. 1003, 1007, 407 S.E.2d 910, 912 (1991) (*en banc*). A judgment will not be reversed on appeal "when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. "[T]he harmless error doctrine enables an appellate court or a trial court when considering a motion to set aside a verdict to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case." Hackney v. Commonwealth, 28 Va. App. 288, 296, 504 S.E.2d 385, 389 (1998).

Husband testified that Dorothy Jones forgave the indebtedness created by the promissory note. Thus, while the letters were not admitted, the same evidence was before the court through husband's testimony. "[T]he exclusion of relevant evidence does not constitute reversible error if that evidence is merely cumulative." May v. Caruso, 264 Va. 358, 363, 568 S.E.2d 690, 693 (2002) (citing Pace v. Richmond, 231 Va. 216, 227, 343 S.E.2d 59, 65 (1986)). If the trial court had admitted the letters into evidence, the effect would have been the same as if, as here, husband testified as to the contents of the letters. The admission of the letters at issue would essentially have been cumulative, and their exclusion was therefore harmless.

Finding no error, we affirm the judgment of the trial court.

Affirmed.