# CIRCUIT COURT OF THE CITY OF ROANOKE

June Hodnett Durand

v.

Ken Renard Richards et al.

July 29, 2009

Case No. CL06-1680

BY JUDGE CLIFFORD R. WECKSTEIN

Following a four-day trial in this medical malpractice suit, the jury returned a verdict for the defendants, Dr. Ken R. Richards and Jefferson Surgical Clinic, Inc. Because this court erroneously allowed inadmissible evidence to be presented to the jury — and because it is impossible to say that that error was harmless — the court must grant the plaintiff's motion to set aside the jury's verdict and order a new trial on liability and damages.

A "trial court has no discretion to admit clearly inadmissible evidence because 'admissibility of evidence depends not upon the discretion of the court but upon sound legal principles'." *Commonwealth v. Wynn*, 277 Va. 92, 97-98, 671 S.E.2d 137 (2009) (quoting *Norfolk & Western Ry. v. Puryear*, 250 Va. 559, 563, 463 S.E.2d 442 (1995)).

Because the defendants prevailed at trial, they would be entitled to the benefit of all reasonable inferences that might be drawn from the evidence and to have all substantial conflicts in the evidence viewed in their favor. *Rappahannock Pistol & Rifle Club, Inc. v. Bennett*, 262 Va. 5, 7-8, 546 S.E.2d 440 (2001). The plaintiff's post-trial motion turns, however, on a discrete question of statutory interpretation. "[A]n issue of statutory

interpretation is a pure question of law." *Budd v. Punyanitya*, 273 Va. 583, 591, 643 S.E.2d 180 (2007). I will state only the facts that are necessary to understand that issue. *Id.*, 273 Va. at 586.

Under Virginia Code § 8.01-401.1:

> To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine or other science or art, established as a reliable authority by testimony or by stipulation shall not be excluded as hearsay. If admitted, the statements may be read into evidence but may not be received as exhibits. If the statements are to be introduced through an expert witness upon direct examination, copies of the statements shall be provided to opposing parties thirty days prior to trial unless otherwise ordered by the court.

This language was added to § 8.01-401.1 by amendment in 1994. *Budd*, 273 Va. at 592.

Approximately thirty days before trial, the court file shows, plaintiff's counsel, Mr. Mann, sent to defendants' counsel, Mr. Leitch, a "Designation of Literature," listing fifteen articles which, Mr. Mann wrote, "may be referred to and utilized by Plaintiff's experts on direct examination and for other purposes as may be permissible under the laws in such cases made and provided." Then and afterwards, according to counsel in memoranda and oral argument, Mr. Mann gave copies of those articles to Mr. Leitch, highlighting statements that might be read in evidence.

The defendants, during their case-in-chief and over the plaintiff's objection, introduced through expert witnesses on direct examination statements contained in articles that the plaintiff had designated. The defendants had not designated any of these articles, nor any statements contained in these articles. The defendants did not contend that they had, before introducing those statements through their own experts, notified the opposing party of their intention to do so.

The court, having allowed the statements in evidence, found itself confronted with additional difficulties described in the plaintiff's motion papers. Since none of these problems would have arisen if the court had sustained the initial objection, I focus only on my erroneous ruling "that literature designated [by any party] can be used [by any party]; overrule the objection."

This ruling is flatly contrary to the teaching of *Budd v. Punyanitya, Id.* and of *May v. Caruso*, 264 Va. 358, 362-63, 568 S.E.2d 690 (2002). *Budd* and *May* demonstrate the Supreme Court's commitment to the proposition that the 1994 amendment to § 8.01-401.1 means what it says, and says what it means — without room for interpretation.

The determinative issue in *Budd* was, as it is here, that there is no ambiguity in the words "introduced through an expert witness upon direct examination." *Id.* 273 Va. at 595. A party wishing to have its own witness establish on direct examination that published literature is a reliable authority on a particular issue simply "must provide opposing counsel with copies of the statements in the literature thirty days before trial pursuant to Code § 8.01-401.1." *Id.* at 595.

"In *May v. Caruso*, 264 Va. 358, 362-63," Justice Koontz explained in *Budd*, "we held that the trial court did not abuse its discretion in refusing to permit a party to have its expert introduce statements from voluminous authoritative literature because, in providing copies of that literature to opposing counsel under the thirty day notice requirement of Code § 8.01-401.1, the party failed to identify for opposing counsel the specific statements that would be relied upon." *Budd*, 264 Va. 592. Justice Koontz wrote the Court's opinions in both *Budd* and *May*.

My ruling can be sustained only by engrafting an exception onto § 8.01-401.1 saying that "if the statements are to be introduced through an expert witness upon direct examination, copies of the statements shall be provided to opposing parties thirty days prior to trial unless otherwise ordered by the court, *or unless the opposing parties have themselves furnished articles from which the statements have been extracted, in which case no prior notice at all need be given.*"

This court cannot, of course, rewrite a statute in such a way. *See Barr v. Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672 (1990). The "exception" as I just phrased it may sound absurd, but my trial ruling cannot be sustained without reading such an exception into § 8.01-401.1.

The decision to allow the defendants to introduce through their own expert witness on direct examination statements that the defendants had not timely provided to the opposing party because those statements were contained in articles that the plaintiff had produced also is at odds with the Supreme Court's teaching in *John Crane, Inc. v. Jones*, 274 Va. 581, 650 S.E.2d 851 (2007), *cert. denied*, 128 S. Ct. 1257 (2008).

In *John Crane*, the Supreme Court reviewed a trial court's decision to exclude opinion testimony that had not been properly disclosed in discovery. The substance of that testimony was "well known" to the opposing party,

which had questioned the expert about those opinions during his deposition. *Id.* at 592. That was, in the Supreme Court's view, an irrelevancy. "[A] party is not relieved from its disclosure obligation . . . simply because the other party has some familiarity with the expert witness or the opportunity to depose the expert. Such a rule would impermissibly alter a party's burden to disclose and impose an affirmative burden on the non-disclosing party to ascertain the substance of the expert's testimony. We reject this reading of [the Rules of the Supreme Court]." *Id.* at 592; *also see* discussion at 583 (affirming exclusion of testimony from another expert whose report had not been furnished).

The defendants, while asserting that the rulings complained of were correct, argue that if the court erred, the error was harmless. Our Supreme Court has, however, "held that 'a misdirection or other mistake of the court appearing in the record is to be presumed to have affected the jury, and the judgment will be reversed, unless it plainly appears from the whole record that the error did not affect, and could not have affected, their verdict'." *Caplan v. Bogard*, 264 Va. 219, 229, 563 S.E.2d 719 (2002). It is impossible to say that the error could not have affected the jury's verdict. *See also* Va. Code § 8.01-678 ("When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial.").