UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

JEFFREY MARTIN YOUNG

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0815-12-3                  JUDGE ROSEMARIE ANNUNZIATA
                                                NOVEMBER 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLOYD COUNTY
J. Howe Brown, Jr., Judge Designate

David W. Rhodes for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Jeffrey Martin Young, appellant, appeals his convictions for malicious wounding in

violation of Code § 18.2-51, assault of a law enforcement officer in violation of Code § 18.2-57, and

two counts of obstruction of justice in violation of Code § 18.2-460.  On appeal, appellant contends

the trial court erred in granting the Commonwealth's motion *in limine* to exclude the testimony of

Dr. Joseph Leizer and Dr. Rebecca Loehrer at his trial.  Finding no error, we affirm the convictions.

Background

The offenses in this case took place on January 30, 2008 in Floyd County.  The evidence

presented at trial showed that appellant drove a car in the parking lot of a supermarket and struck the

victim.  The victim and appellant did not know each other.  Appellant exited the car and beat the

victim with a stick until the stick broke.  Appellant went to his car and retrieved a knife and a

wooden club.  Several law enforcement officers arrived at the scene and, after a brief interlude when

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant first refused to drop and then relinquished his weapons as he approached an officer, appellant was arrested and charged with the offenses.

Appellant provided the Commonwealth with a notice of insanity defense. On September 14, 2009 the trial court held a pre-trial hearing on the Commonwealth's motion *in limine* requesting the trial court to bar expert witness testimony from Dr. Leizer and Dr. Loehrer who had evaluated appellant's sanity only for offenses unrelated to the instant case that were committed in Roanoke County two days prior to the Floyd County incident. The Commonwealth argued the evaluations of appellant's sanity regarding unrelated offenses were irrelevant to the issue of appellant's sanity at the time of the Floyd County offenses. Furthermore, in April 2008, Dr. Joy O'Grady, a clinical psychologist specializing in neuropsychology, had performed a court-ordered evaluation of appellant's sanity at the time of the Floyd County offenses. She concluded that appellant was insane at the time of these offenses.

At the hearing, the trial court noted that the reports of Dr. Leizer and Dr. Loehrer did not contain opinions or evaluations as to appellant's sanity at the time of the Floyd County offenses. Appellant stated that the two doctors would, nonetheless, testify as to appellant's sanity at the time of the Floyd County offenses. The Commonwealth then moved to exclude the testimony of the doctors concerning both the Roanoke County and Floyd County offenses. The Commonwealth also asserted that, to evaluate appellant's sanity at the time of the Floyd County offenses, a continuance of the trial would be necessary so that Dr. Leizer and Dr. Loehrer could conduct the appropriate forensic interviews related specifically to the Floyd County offenses. The trial was scheduled for October 26, 2009, only forty-two days from the date of the hearing.

The trial court granted the motion *in limine*, ruling it was "too late" for appellant to get another expert witness to testify appellant was insane at the time of the offenses. The trial court also expressed concern that admitting the expert witness testimony regarding the unrelated case from

Roanoke County could result in retrying the Roanoke County case. Appellant appealed the trial court's ruling to this Court.

Analysis

When reviewing a trial court's decision to admit or exclude evidence, this Court does "not review such decisions *de novo*." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Although a "'trial court has no discretion to admit clearly inadmissible evidence,'" Galumbeck v. Lopez, 283 Va. 500, 510, 722 S.E.2d 551, 556 (2012) (quoting Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 529, 636 S.E.2d 416, 421-22 (2006)), a "'great deal must necessarily be left to the discretion of the [trial court], in determining whether evidence is relevant to the issue or not,'" Avent v. Commonwealth, 279 Va. 175, 197-98, 688 S.E.2d 244, 257 (2010) (quoting John Crane, Inc. v. Jones, 274 Va. 581, 590, 650 S.E.2d 851, 855 (2007)). Given this "'"broad discretion" of a trial judge over evidentiary matters, we apply a deferential abuse-of-discretion standard of appellate review.'" Thomas, 44 Va. App. at 753, 607 S.E.2d at 743 (quoting Seaton v. Commonwealth, 42 Va. App. 739, 752, 595 S.E.2d 9, 15 (2004)). "This standard, if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Id. (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754 (1982)). "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Joyce v. Commonwealth, 56 Va. App. 646, 663, 696 S.E.2d 237, 245 (2010) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)).

"Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be admitted." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). "Evidence is relevant if it has any logical tendency to prove an issue in a case." Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996). "'Put

another way, evidence has relevance if it "tends to cast any light" on any material point.'" Thomas, 44 Va. App. at 753, 607 S.E.2d at 743 (quoting Seaton, 42 Va. App. at 752, 595 S.E.2d at 15). "However, evidence of collateral facts and facts incapable of supporting an inference on the issue presented is irrelevant and cannot be admitted in evidence." Coe, 231 Va. at 87, 340 S.E.2d at 823. Further, the exclusion of evidence "'on the ground that it is repetitious and cumulative is a matter within the sound discretion of the trial court and . . . its ruling is entitled on review to a presumption of correctness.'" May v. Caruso, 264 Va. 358, 363, 568 S.E.2d 690, 693 (2002) (quoting Harrison v. Commonwealth, 244 Va. 576, 585, 423 S.E.2d 160, 165 (1992)).

Appellant acknowledges that the number of expert witnesses a party may call on a given subject is a matter of the trial court's discretion, citing Maupin v. Maupin, 158 Va. 663, 673, 164 S.E. 557, 560 (1932). He distinguishes his case on the ground that "in the context of asserting an affirmative defense, it is an abuse of that discretion to limit the [a]ppellant's evidence to a single expert." Relying on the contention that "one does not recover from a diseased mind in a matter of days," appellant contends that expert opinion evidence based on evaluations of his sanity for offenses that occurred only two days before the instant offense is relevant.

Under well-established Virginia law, "[a] criminal defendant is presumed to have been sane at the time of the commission of a criminal act." White v. Commonwealth, 272 Va. 619, 626, 636 S.E.2d 353, 356 (2006). It is the defendant's burden to raise and establish the affirmative defense of insanity by a preponderance of the evidence. See Taylor v. Commonwealth, 208 Va. 316, 322, 157 S.E.2d 185, 189-90 (1967). "In Virginia . . . insanity is an affirmative defense that the defendant must establish to the satisfaction of the fact finder." Shifflett v. Commonwealth, 221 Va. 760, 769, 274 S.E.2d 305, 310 (1981).

The Constitution guarantees a criminal defendant "'the basic tools of an adequate defense or appeal.'" Ake v. Oklahoma, 470 U.S. 68, 77 (1985) (quoting Britt v. North Carolina, 404 U.S. 226, 227 (1971)). However, Ake was not so broad as to grant a defendant the right to choose a psychiatrist of his personal liking. Funk v. Commonwealth, 8 Va. App. 91, 96, 379 S.E.2d 371, 373 (1989). Likewise, a defendant does not have a right to the same number of experts as employed by the Commonwealth. O'Dell v. Commonwealth, 234 Va. 672, 686, 364 S.E.2d 491, 499 (1988) ("We find no logical or constitutional reason for adopting a *per se* rule requiring the Commonwealth to furnish an indigent defendant with a number of experts equal to the number the prosecution may call.").

The two experts appellant proffered, Dr. Leizer and Dr. Loehrer, had not conducted forensic evaluations or formed opinions of appellant's sanity at the time of the Floyd County offenses. Pursuant to Code § 19.2-169.5, when sanity is a significant factor in a case involving an indigent defendant, "the court shall appoint one or more qualified mental health experts to evaluate the defendant's sanity *at the time of the offense*." (Emphasis added). "Upon a plea of insanity in a criminal case, the issue is whether the accused was insane at the time the offense was committed." Gibson v. Commonwealth, 216 Va. 412, 417, 219 S.E.2d 845, 849 (1975). Indeed, as the Commonwealth argued, in order for Dr. Leizer and Dr. Loehrer to form opinions as to appellant's sanity at the time of the Floyd County offenses, they would need to evaluate appellant's sanity at the time he committed the Floyd County offenses. Appellant simply failed to persuade the trial court that his proffered experts could provide relevant testimony regarding the offenses alleged in the Floyd County trial.

Furthermore, as the trial court noted, admitting the opinions of Dr. Leizer and Dr. Loehrer that appellant was insane at the time he committed the Roanoke County offenses would open the door to the admission of evidence concerning the unrelated offenses, injecting

collateral issues into the trial of the Floyd County offenses that might distract, mislead, and confuse the jury.  See e.g., Commonwealth v. Minor, 267 Va. 166, 172, 591 S.E.2d 61, 65 (2004) (evidence implicating an accused in other crimes unrelated to the charged offense may confuse the issues being tried).

Finally, we note that the trial court was not required to continue the case to allow multiple defense expert witnesses to present similar testimony, a matter within the trial court's sound discretion.  See May, 264 Va. at 363, 568 S.E.2d at 693 (holding a determination that medical evidence would be cumulative is within the trial court's discretion and is presumed correct).  Cumulative testimony "is repetitive testimony that restates what has been said already and adds nothing to it.  It is testimony of the same kind and character as that already given."  Massey v. Commonwealth, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985).  "[W]here evidence is merely cumulative its introduction may be limited by the court."  Id.

Dr. O'Grady performed a court-ordered forensic evaluation of appellant for the Floyd County offenses.  She testified at trial that, in her opinion, appellant was insane at the time he committed the offenses.  Appellant was, thus, provided with the "basic tools of an adequate defense."  See O'Dell, 234 Va. at 686, 364 S.E.2d at 499.  "If the Commonwealth provided [appellant] with the 'basic tools of an adequate defense,' Britt v. North Carolina, 404 U.S. 226, 227 (1971), it complied with the constitutional requirements.  The Commonwealth need not supply [appellant] with all services that may be available."  Id.

Furthermore, expert opinion testimony that the accused was legally insane at the time of the offense is not an essential predicate for the presentation of an insanity defense to a jury.  See Lucas v. Commonwealth, 201 Va. 599, 607, 112 S.E.2d 915, 921 (1960) (holding defendant was entitled to have insanity issue decided by a jury despite expert witness' failure to offer an opinion that defendant was insane at the time of the offense).  The evidence of appellant's conduct in

committing the offenses and in responding to the police at the scene provided additional bases for the jury to consider on the issue of appellant's sanity. After considering all the evidence admitted at trial, the jury found that appellant failed to establish his affirmative defense of insanity.

In summary, appellant was provided the "basic tools of an adequate defense." He was appointed an expert witness who evaluated him and presented an opinion that he was insane at the time of the offenses for which he was being tried. Furthermore, non-expert evidence was also admitted for the trier of fact to consider on the issue.

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>