# Richmond

## C. B. SMITH v. COMMONWEALTH.

March 15, 1923.

Absent, Burks, J.

1. INTOXICATING LIQUORS—*Whiskey Found on Defendant's Premises—Evidence Sufficient to Sustain Conviction—Reputation as Bootlegger—Case at Bar.*—In the instant case the premises occupied by defendant were searched under a warrant by officers of the law and ardent spirits to the amount of 103½ gallons were discovered on the premises in different places, but none in defendant's house. · Several witnesses testified without objection that defendant had the reputation of being a bootlegger. Defendant himself testified that he knew nothing about the liquor, and introduced testimony tending to prove that his sons and tenants had free access to the premises. A number of responsible citizens testified to defendant's good character.

   *Held:* That a verdict of guilty was not without evidence to support it.

2. INTOXICATING LIQUORS—*Finding Liquor on Premises Prima Facie Evidence of Guilt—Possession of Defendant—Section 28 of the Prohibition Law.*—In the instant case officers of the law searched defendant's premises under a search warrant and found hidden in several places 103½ gallons of whiskey. It appeared from the evidence that· defendant's sons and tenants had free access to the places where the whiskey was found and could have secreted it in such places. It was contended that a verdict of guilty should have been set aside because the evidence was wholly insufficient to show that any place in which the whiskey was found was in the actual possession of defendant, the argument being that without proof of such actual possession no presumption of guilt arose against defendant under section 28 of the prohibition law (Acts 1918, ch. 388, p. 598).

   *Held:* That this contention could not be maintained.

3. INTOXICATING LIQUORS—*Finding Liquor on Premises Prima Facie Evidence of Guilt—Section 28 of the Prohibition Law—Instructions.*—In the instant case, where whiskey was found concealed on the premises of defendant, the giving of the following instruction for the Commonwealth was held not to be error: "Wherever any ardent spirits shall be seized in any building or other place searched under a warrant,

the finding of such ardent spirits shall be *prima facie* evidence of the unlawful manufacture, keeping, and storing by the person or persons occupying said premises even though others occupy the same premises."

4.   INTOXICATING LIQUORS—*Evidence—Whiskey Found on Defendant's Premises—Others than Defendant having Opportunity to Place the Whiskey on the Premises—Instructions.*—In the instant case where defendant's premises were searched under a warrant and whiskey found thereon, defendant asked the court to instruct the jury "that if you believe from the evidence that one or more persons, other than the defendant, had equal opportunity to have placed the whiskey found by the officers on his premises, and there is reasonable doubt from the evidence as to whether it was so placed by him or by some other person, then the defendant shall not be convicted, and it will be your duty to return a verdict of 'not guilty.' "

*Held:*   That there was no error in refusing this instruction, as the instruction went far enough to direct an acquittal if the jury had a reasonable doubt that defendant had personally placed the whiskey where it was found, though they might have been satisfied that he owned every drop of it.

5.   INTOXICATING LIQUORS—*Liquor Found on Defendant's Premises—Access of Others to Premises—Instructions.*—Where, under a search warrant, liquor is found on defendant's premises, it would be proper for the court if requested to instruct the jury that the *prima facie* presumption arising under section 28 of the prohibition law (Acts 1918, ch. 388, p. 598) from the finding of the liquor could be sufficiently overcome by a reasonable doubt as to defendant's guilt arising from the proven access of other persons to the premises.

Error to a judgment of the Circuit Court of Pittsylvania county.

*Affirmed.*

The opinion states the case.

*Harris & Harvey*, for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General*, and *Leon M. Bazile, Second Assistant Attorney General*, for the Commonwealth.

KELLY, P., delivered the opinion of the court.

This is a writ of error to a judgment whereby the defendant, C. B. Smith, was convicted of violating the State prohibition law and sentenced to the payment of a fine of $500.00 and a term of six months in jail. The points upon which he seeks to have this sentence reversed may be disposed of as follows:

[1, 2] 1.   The court made no mistake in refusing to grant a new trial on the ground that the verdict of the jury was contrary to the evidence or without evidence to support it.   The premises occupied by the defendant were searched by officers of the law who had first procured a search . warrant for the purpose. They found no ardent spirits in his house, but did find in a storage room in his yard about eighteen cases of empty fruit jars, and three half-gallon fruit jars full of whiskey; also, a large copper kettle, a copper measuring pot, and a syphon, all of which smelled strongly of whiskey. Under the floor of the defendant's garage a short distance from the house (across a farm road), they found some fruit jars full of whiskey; and under the floor of his barn quite near the garage they found another supply of whiskey in fruit jars and tin cans. The total amount of ardent spirits discovered by the officers on the premises was $103\frac{1}{2}$ gallons.

Several witnesses for the Commonwealth testified that the defendant had the reputation of being a bootlegger.   This case was tried before the recent act (Acts 1922, ch. 345, sec. 73, p. 588) became effective, but there was no objection made to the evidence as to the defendant's reputation.

The defendant himself testified that he knew nothing about the whiskey, and was in no way connected with it or responsible for its presence on his premises. He also introduced testimony tending to prove that his sons and tenants had free access to the places where the

whiskey was found, and could have secreted it in such places without his knowledge. A number of responsible citizens testified to his good character and his reputation as a law-abiding citizen.

It is contended that the court ought to have set aside the verdict because the evidence was wholly insufficient to show that any place in which the whiskey was found was in the actual possession of the defendant, the argument being that without proof of such actual possession no presumption of guilt arises against him. It is clear from the statute, and from the decisions of this court, that this contention cannot be maintained.

Section 28 of the prohibition law (Acts 1918, ch. 388, p. 598) provides: "Whenever ardent spirits shall be seized in any room, building, boat, car or other place, searched under the provisions of this act, the finding of such ardent spirits * * in any such place, shall be *prima facie* evidence of the unlawful manufacturing, selling, keeping and storing for sale, gift or use, by the person or persons occupying such premises * * *."

The instant case upon its facts is similar to a number of others in which we have sustained convictions, the leading one being *Moore* v. *Commonwealth*, 132 Va. 738, 111 S. E. 127. In that case Judge Prentis, speaking for this court, said that "The mere suggestion that some of the other occupants of the premises may have been also guilty may be true, but this does not warrant the acquittal of the accused. So to construe this statute would be to thwart its manifest design, to suppress the illicit traffic in ardent spirits; would, under the evidence in this case, result in the acquittal of all of such occupants and thereby give aid and comfort to all others who contemptuously disregard the law." See also

*Wampler* v. *Corporation of Norton,* 134 Va. 606, 113 S. E. 733.

[3] 2. It follows from what has been said that the court did not err in giving the following instruction for the Commonwealth: "The court instructs the jury that wherever any ardent spirits shall be seized in any building or other place searched under a search warrant, the finding of such ardent spirits shall be *prima facie* evidence of the unlawful manufacture, keeping and storing by the person or persons occupying said premises even though others occupy the same premises."

[4] 3. The only debatable question presented upon this writ of error is whether the court erred in refusing the following instruction which was asked for by the defendant: "The court instructs the jury that if you believe from the evidence that one or more presons, other than the defendant, had equal opportunity to have placed the whiskey found by the officers on his premises, and there is reasonable doubt from the evidence as to whether it was so placed by him or by some other person, then the defendant shall not be convicted, and it will be your duty to return a verdict of 'not guilty.' "

This instruction was, no doubt, intended to embody a proposition which, if it had been accurately expressed, the defendant would have been entitled to have the jury consider in his favor. The instruction, however, as asked was wholly erroneous. It peremptorily directed an acquittal upon a state of facts entirely consistent with a conviction. The important question for the jury to decide was not as to the manner in which or the person by whom the whiskey was placed on the premises, but as to its owenrship and control. If it was placed there by others than the defendant, they of

course violated the law, but that fact did not exculpate the defendant if he was an interested party. The instruction as requested went far enough to direct an acquittal if the jury had a reasonable doubt that the defendant had personally placed the whiskey where it was found, though they might have been satisfied that he owned every drop of it.

[5] If the court had been requested to tell the jury that the *prima facie* presumption referred to in the instruction for the Commonwealth could be sufficiently overcome by a reasonable doubt as to the defendant's guilt arising from the proven access of other persons to the premises, it would have been proper to grant the request; and, as a matter of fact, the court did in substance do that by the following instruction given at the instance of the defendant, namely:

"The court instructs the jury that the defendant is presumed to be innocent until his guilt is established by the evidence beyond all reasonable doubt. It is not sufficient that his guilt is probable only, or even more probable than his innocence. Nor can the defendant be convicted upon mere suspicion. No amount of suspicion, however strong, will warrant his conviction. But in order to convict, the evidence of guilt must be so strong that there can be no theory from the evidence consistent with his innocence."

Upon a view of all the evidence and the instructions as given, we are of opinion that the defendant had a fair trial, and that the judgment against him is not only free from reversible error, but that it is abundantly justified by the evidence.

*Affirmed.*