Present:  All the Justices

PATRICIA G. WEINBERG

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.    Record No. 951975        September 13, 1996

FRED T. GIVEN, JR., M.D.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

In this appeal, we consider whether Code § 8.01-401.1 permits a jury to consider, as substantive evidence, statements in periodicals which are deemed reliable and authoritative.

The plaintiff, Patricia G. Weinberg, consulted Dr. Fred T. Given, Jr., her gynecologist, because she had experienced dysfunctional menstrual bleeding.  The plaintiff was described, at that time, as a healthy woman, 44 years old, who was not then smoking cigarettes.  The defendant treated the plaintiff by prescribing a two-month supply of Ortho-Novum 1/50, an oral contraceptive, which stopped the bleeding.  The plaintiff subsequently developed blood clots, described as a deep vein thrombosis, and she required medical treatment.

The plaintiff's motion for judgment alleged that the defendant was negligent in the treatment of her condition.  At trial, her expert witnesses testified that the defendant breached the standard of care by prescribing the oral contraceptives which caused the plaintiff's blood clots.

Dr. John R. Partridge, who was permitted to testify as an expert witness on behalf of the defendant on the subjects of obstetrics and gynecology, testified that a woman over 40 years old, who is in good health and who does not smoke cigarettes, has

a risk of stroke or cardiovascular complications associated with the use of "Ortho-Novum 1/50" of about .02%.  Dr. Partridge testified that the defendant's treatment complied with the standard of care and that the oral contraceptives did not cause the plaintiff's blood clots.

Dr. Partridge also identified several articles that he believed were reliable and authoritative.  For example, Dr. Partridge gave the following testimony:

"Q:  And Doctor, are you familiar with the article entitled, 'Oral Contraception:  Past, Present and Future Perspectives' by Daniel Mishell?  And again, this would be in the International Journal of Fertility, 1991.  Are you familiar with that, sir?

A:  Yes.

Q:  Is that a reliable authority in the field as of 1991 on this issue?

A:  Yes.

Q:  And Doctor, going right to the last page, to the conclusion, 'Today 85 percent of prescriptions of [oral contraception] written in the United States specify formulations containing 30 to 35 micrograms of ethinyl estradiol, the lowest possible dose required to achieve optimal contraceptive [efficacy] with minimal risk of adverse effects.  These new compounds do not appear to have any adverse cardiovascular effects and can be safely used by healthy, nonsmoking, premenopausal women until age 45 or older.'  Did I read that correctly, sir?

A:  You did.

Q:  Do you agree with that?

A:  Yes."

The trial court granted a jury instruction,[*] which permitted

---

[*] We do not approve of the use of the instruction that was submitted to the jury because an instruction which comments upon the evidence is inappropriate.  See Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 134, 413 S.E.2d 630, 634 (1992).

the jury to consider the contents of the published treatises, periodicals, or pamphlets as substantive evidence, and the jury returned a verdict in favor of the defendant. The plaintiff argues that Code § 8.01-401.1 does not permit a jury to consider the contents of articles as substantive evidence and that a 1994 amendment to this statute merely created a procedural change in the law by, inter alia, permitting a party to test the knowledge of an expert witness on direct examination. The defendant asserts that the 1994 amendment permits hearsay statements in medical articles, when established as reliable authority by expert testimony, to be considered by the jury as substantive evidence.

Prior to the 1994 Amendment, Code § 8.01-401.1, which was enacted by the General Assembly in 1982, stated:

"In any civil action any expert witness may give testimony and render an opinion or draw inferences from facts, circumstances or data made known to or perceived by such witness at or before the hearing or trial during which he is called upon to testify. The facts, circumstances or data relied upon by such witness in forming an opinion or drawing inferences, if of a type normally relied upon by others in the particular field of expertise in forming opinions and drawing inferences, need not be admissible in evidence.

The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

We discussed this statute in McMunn v. Tatum, 237 Va. 558, 379 S.E.2d 908 (1989). There, we considered whether Code § 8.01-401.1 permitted a physician, who had qualified as an expert witness, to express the opinions of other physicians who were not

available for cross-examination.  We held that Code § 8.01-401.1 did not

> "authorize the admission in evidence, upon the direct examination of an expert witness, of hearsay matters of opinion upon which the expert relied in reaching his own opinion, notwithstanding the fact that the opinion of the expert witness is itself admitted, and notwithstanding the fact that the hearsay is of a type normally relied upon by others in the witness' particular field of expertise."

McMunn, 237 Va. at 566, 379 S.E.2d at 912.  Explaining our holding, we observed that:

> "The admission of hearsay expert opinion without the testing safeguard of cross-examination is fraught with overwhelming unfairness to the opposing party.  No litigant in our judicial system is required to contend with the opinions of absent 'experts' whose qualifications have not been established to the satisfaction of the court, whose demeanor cannot be observed by the trier of fact, and whose pronouncements are immune from cross-examination."

Id.

The 1994 amendment to Code § 8.01-401.1 added the following paragraph:

> "To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals or pamphlets on a subject of history, medicine or other science or art, established as a reliable authority by testimony or by stipulation shall not be excluded as hearsay.  If admitted, the statements may be read into evidence but may not be received as exhibits.  If the statements are to be introduced through an expert witness upon direct examination, copies of the statements shall be provided to opposing parties thirty days prior to trial unless otherwise ordered by the court."

We have repeatedly stated the principles of statutory construction that we apply when a statute, such as the amendment to Code § 8.01-401.1, is clear and unambiguous.

"While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); see also Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992); Grillo v. Montebello Condominium Owners Assoc., 243 Va. 475, 477, 416 S.E.2d 444, 445 (1992).

Applying these principles of statutory construction, we hold that the 1994 amendment to Code § 8.01-401.1 made a substantive change in the statute. The plain language in the amendment provides that, in certain limited instances, "statements contained in published treatises, periodicals or pamphlets on a subject of history, medicine or other science or art, established as a reliable authority by testimony or by stipulation shall not be excluded as hearsay." Thus, this statute as amended permits the hearsay content of such articles to be read into the record as substantive evidence, provided no other evidentiary rule prohibits such admission.

Accordingly, we will affirm the judgment of the trial court.

Affirmed.