COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Fulton and White
Argued at Norfolk, Virginia

EDWARD N. FURBY, SOMETIMES KNOWN AS
 EDWARD NATHANIEL FURBY

v.     Record No. 0267-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JUNIUS P. FULTON, III
MARCH 14, 2023

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

Charles E. Haden for appellant.

Erin Dugan Whealton, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

Edward Nathaniel Furby appeals a civil commitment order entered under Virginia's

Sexually Violent Predators Act (SVPA). Code §§ 37.2-900 through -921. Furby argues that the

evidence was insufficient to prove that he remains a sexually violent predator. Because the record

in this case supports the trial court's conclusion that the Commonwealth proved, by clear and

convincing evidence, that Furby remains a sexually violent predator,[1] we affirm.

BACKGROUND

A person is considered a sexually violent predator if "he ha[s] been convicted of a sexually

violent offense and . . . because of a mental abnormality or personality disorder, he finds it difficult

to control his predatory behavior which makes him likely to engage in sexually violent acts."

---

* This opinion is not designated for publication. *See* Code 17.1-413.

[1] Furby does not challenge the trial court's conclusion that he was not a suitable
candidate for outpatient treatment and conditional release. We therefore do not address that
issue.

*Commonwealth v. Squire*, 278 Va. 746, 749 (2009) (citing Code §§ 37.2-900 and -908). That determination must "be based on the totality of the record, including but not limited to expert testimony." *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012). During a sexually violent predator annual (or biennial) review, the Commonwealth has the burden of proving, by clear and convincing evidence, "that the respondent remains a sexually violent predator." Code § 37.2-910. If the Commonwealth satisfies this burden and the court finds that the respondent remains a sexually violent predator, the court "shall order that he remain in the custody of the Commissioner for secure inpatient hospitalization and treatment or that he be conditionally released." *Id.* If the respondent is no longer a sexually violent predator, he shall be released "from secure inpatient treatment." *Id.*

Code § 37.2-910(B) requires that, before a review hearing, a report must be completed and filed with the court "reevaluating the respondent's condition and recommending treatment. The report shall be prepared by a licensed psychiatrist or a licensed clinical psychologist skilled in the diagnosis and risk assessment of sex offenders and knowledgeable about the treatment of sex offenders."

Furby was convicted of contributing to the delinquency of a minor in 1974. In 1977 he was convicted of attempted rape and maiming. In 2006 he was again convicted of contributing to the delinquency of minor. In 2008, the Commonwealth petitioned to commit Furby as a sexually violent predator pursuant to Code § 37.2-901 *et seq.* The circuit court subsequently found that Furby was a sexually violent predator and ordered him committed to the custody of the Department of Behavioral Health and Developmental Services (DBHDS). In February 2022, the circuit court conducted a biennial review hearing to determine whether Furby remained a sexually violent predator and if he could be conditionally released to outpatient treatment. *See* Code §§ 37.2-910, -912.

Dr. Daniel Montaldi, a clinical psychologist at DBHDS, evaluated Furby and prepared a clinical report. Dr. Montaldi concluded that Furby remains a sexually violent predator "in need of inpatient treatment." He explained that although Furby was doing well "behaviorally," he was "not participating in regular treatments." Dr. Montaldi diagnosed Furby with antisocial personality disorder and various substance abuse disorders. Furby's personality disorder "causes him difficulty controlling his behavior and predisposes him to engage in violent acts." His actuarial risk assessment is above average, putting him at a high risk of recidivism. Moreover, Furby had "continued to refuse" to participate in treatment and had made "no progress" in treatment over the preceding year. Dr. Montaldi opined that Furby has "a defiant attitude towards authority and a history of oppositional behavior." By declining to participate in sex offender treatment, Furby had been "unable to address treatment related concepts such as internal and external risk factors, his offense pathway/pattern, and risk management/relapse prevention plan[s]." Dr. Montaldi found that Furby "continues to need inpatient treatment at [the Virginia Center for Behavioral Rehabilitation (VCBR)]."

Dr. Dennis R. Carpenter conducted a "second opinion evaluation." Although Furby refused to speak with him, Dr. Carpenter reviewed the entire record. He concluded that Furby "possess[es] a mental abnormality or personality disorder that makes it difficult for him to control his predatory behavior." Emphasizing Furby's refusal to participate in formal sex offender treatment, Dr. Carpenter concluded that Furby has made poor progress and "is obviously not ready for conditional release."

At the hearing, Furby became argumentative and uncooperative; he denied that he has a felony conviction for attempted rape. During his own testimony, Furby indicated that he had decided not to re-offend. Further, when asked "[i]f the Judge tells you that if you go to

treatment . . . then the Judge tells you he'll release you, will you go to [sex offender] treatment?" Furby refused.

After considering the evidence and argument of counsel, the circuit court found that Furby remains a sexually violent predator and ordered his re-commitment and continued in-patient treatment. Furby appeals.

## STANDARD OF REVIEW

In considering whether the evidence was sufficient for the trial court's judgment, "we review the evidence and all reasonable inferences from the evidence in the light most favorable to . . . the prevailing party below," in this case the Commonwealth, "and will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it." *Squire*, 278 Va. at 749 (citing *Higginbotham v. Commonwealth*, 216 Va. 349, 352 (1975)).

## ANALYSIS

"The standard of proof adopted by the [Sexually Violent Predators Act] is proof by clear and convincing evidence." *Ellison v. Commonwealth*, 273 Va. 254, 260 (2007); *see* Code § 37.2-910(C). "This evidentiary standard describes an intermediate level of proof that exceeds the 'preponderance' standard, but does not reach the level of certainty required in criminal cases of 'beyond a reasonable doubt.'" *Commonwealth v. Miller*, 273 Va. 540, 551 (2007) (quoting *Grubb v. Grubb*, 272 Va. 45, 54 (2006)). This burden rests with the Commonwealth.

Furby contends that the circuit court "erred in ruling that [he] remained a 'sexually violent predator' as defined in []Code § 37.2-900" and that "he was likely to commit sexually violent acts." A "sexually violent predator" is any person who "has been convicted of a sexually violent offense, or has been charged with a sexually violent offense and . . . because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900.

- 4 -

Here, Dr. Montaldi examined Furby and prepared a detailed report. He diagnosed Furby with antisocial personality disorder and substance abuse disorder. Furby's personality disorder, Dr. Montaldi opined, predisposes him to engage in violent acts. Dr. Montaldi found that there had been no significant decrease in Furby's risk of re-offending since his last biennial review. He emphasized that Furby's refusal to attend sex offender treatment prevents him from addressing his internal and external risk factors and developing a relapse prevention plan. Although Dr. Carpenter did not testify at the hearing, the circuit court reviewed his report, which echoed Dr. Montaldi's findings. Both doctors concluded that Furby remains a sexually violent predator in need of continued commitment and in-patient treatment. Furby countered the two experts' opinions only with his unsupported claim that he has decided not to re-offend.

The circuit court rejected Furby's testimony and, based on the evidence, including the expert opinions, found "by clear and convincing evidence that" Furby "remains a sexually violent predator and that there is still no suitable lesser restrictive alternative than involuntary secure inpatient treatment at the VCBR."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). If there is evidentiary support for the trial court's findings, "the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). The circuit court "was at liberty to discount [Furby's] self-serving statements" and accept the expert testimony. *Poole v. Commonwealth*, 73 Va. App. 357, 369 (2021) (quoting *Becker v. Commonwealth*, 64 Va. App. 481, 495 (2015)).

The record supports the trial court's decision. Furby's stubborn resistance to sex offender treatment and unwillingness to learn strategies for addressing his risk factors demonstrate he remains a danger to the community. Rather than comply with the requirement that he attend treatment, Furby chose to ignore the obligation, claiming that his decision to not re-offend warranted his conditional release. The expert testimony and detailed reports demonstrated otherwise; thus, credible evidence in the record supports the circuit court's judgment. "[T]he factual determination of whether a respondent is a sexually violent predator likely to engage in sexually violent acts is to be based on the totality of the record, including but not limited to expert testimony." *DeMille*, 283 Va. at 318. Having reviewed the record, we find no error with the circuit court's reliance on the expert testimony in finding by clear and convincing evidence that Furby remains a sexually violent predator in need of continued confinement. *Id.*

CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Furby remains a sexually violent predator and affirm the circuit court's judgment.

*Affirmed.*